# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**GUNARETHINAM THANURAN**                                       **PETITIONER**

**VS.**                                  **CIVIL ACTION NO.: 5:20-cv-198-DCB-MTP**

**SHAWN R. GILLIS**                                                 **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Gunarethinam Thanuran's Petition for Writ of Habeas Corpus [1]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Petition [1] be denied.

## BACKGROUND

Petitioner, a citizen of Sri Lanka, is currently held at Adams County Detention Center ("ACDC"). *See* [9-1] at 1. On May 16, 2018, Petitioner unlawfully entered the United States at or near Hidalgo, Texas. *Id*. On May 18, 2018, the United States Border Patrol placed Petitioner in expedited removal proceedings as an inadmissible alien who was not in possession of a valid entry document at the time of his application for admission. *Id*. On May 26, 2018, Immigration and Customs Enforcement ("ICE") took custody of Petitioner. *Id*. On January 23, 2019, an Immigration Judge ordered Petitioner's removal. *Id.* at 2.

On March 14, 2019, Petitioner filed an appeal with the Board of Immigration Appeals ("BIA"). On October 2, 2019, the BIA remanded Petitioner's case to an Immigration Judge. *Id*. On January 14, 2020, the Immigration Judge again ordered Petitioner removed to Sri Lanka. *Id*. On February 3, 2020, Petitioner filed a second appeal to the BIA, and the appeal is still pending as of December 12, 2020. *Id*.

On October 26, 2020, Petitioner filed the instant Petition, acknowledging that his appeal is still pending before the BIA. *See* [1] at 5. Within his Petition, he alleges that he is "very worried about the COVID-19 pandemic," is not a flight risk, and requests "humanitarian parole" on the basis of his long-term detention. *Id*. at 7.

Respondent filed a Response [9] arguing that since Petitioner is subject to removal under 8 U.S. C. § 1226, ICE has the authority to detain him until the final resolution of his removal proceedings. *See* [9] at 1. Respondent also argues that because Petitioner's removal order is still being reviewed by the BIA, his order is not yet final and therefore not subject to judicial review. *Id*. at 4. Respondent alleges that Petitioner's generalized statement expressing concern regarding COVID-19 is insufficient to justify Petitioner's release from detention. *Id.*

## ANALYSIS

Aliens awaiting a final order during removal proceedings are detained under 8 U.S.C. § 1226. The Supreme Court has interpreted 8 U.S.C. § 1226(c) to only allow the Attorney General to determine whether aliens may be released, and even then, only if certain conditions are met. *Jennings v. Rodriguez*, 138 S. Ct. 830, 835 (2018). The Supreme Court emphasized that "aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute" and concluded that § 1226(c) "mandates detention 'pending a decision on whether the alien is to be removed from the United States." *Id*. Additionally, the Supreme Court has upheld the constitutionality of detaining aliens during removal proceedings, before a final order of removal is issued, as a constitutionally permissible part of the removal process. *Demore v. Kim*, 538 U.S. 510, 531 (2003).

8 U.S.C. § 1226(e) does not allow judicial review during this stage of proceedings declaring that "[t]he Attorney General's discretionary judgment regarding the application of this

section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release or any alien or the grant, revocation, or denial of bond or parole." Since Petitioner is back in removal proceedings pending resolution of his appeal to the BIA and there is no final order of removal, Petitioner's request for relief cannot be granted. As established above, his current detention is not reviewable by this Court under § 1226, is constitutional under *Demore*, and his substantive and procedural due process assertions have no merit.

In order for Petitioner to succeed with his request for Humanitarian release, he must show that the conditions at ACDC violate the Constitution and amount to punishment of the detainee. *See Espinoza, et al. v. Gillis*, No. 5:20-cv-106-DCB-MTP, 2020 WL 2949779, at *3 (S.D. Miss. June, 3, 2020). To make that determination, the Court must consider whether the detention of a petitioner and the conditions of the detention center are rationally connected to a legitimate governmental objective. *See Bell v. Wolfish*, 441 U.S. 520, 539 (1979).

"The Supreme Court has recognized that ensuring the presence of detainees at their immigration hearings along with the effective management [of] a detention facility once an individual is confined, constitutes legitimate governmental interests." *Espinoza*, 2020 WL 2949779 at *3; *see also Jennings*, 138 S. Ct. at 836; *Demore v. Kim*, 538 U.S. 510, 520-22; *Zadvydas*, 533 U.S. at 690-97. The Government also has a legitimate interest in reducing flight risk posed by prisoners facing removal. *See Gutierrez-Soto v. Sessions*, 317 F. Supp. 3d 917, 931 (W.D. Tex. 2018). Petitioner makes no showing that his detention is not rationally related to a legitimate government interest, but instead claims a general fear that he may contract COVID-19. *See* [1] at 6. This allegation falls far short of the required standard that his detention during the COVID-19 pandemic amounts to punishment.

The Court recognizes the risk COVID-19 poses to detainees and the public at large, but Petitioner's claim must be distinct in some respect. *See Martinez Franco v. Jennings*, No. 20-cv-02474-CRB, 2020 WL 1976423, at *3 (N.D. Cal. Apr. 24, 2020). The Fifth Circuit explained that "[t]he 'incidence of diseases or infections, standing alone,' do not 'imply unconstitutional confinement conditions, since any densely populated residence may be subject to outbreaks." *Valentine v. Collier*, No. 20-20207, 2020 WL 1934431, at *3 (5th Cir. Apr. 22, 2020) (*quoting Shepherd v. Dallas Cty.*, 591 F.3d 445, 454 (5th Cir. 2009).

"[P]risoners are not entitled to release or transfer based solely on generalized COVID-19 fears and speculation." *Riggs v. Louisiana*, No. CV 3:20-0495, 2020 WL 2516577 (W.D. La. May 15, 2020). "[T]he Court cannot release every detainee at risk of contracting COVID-19 because the Court would then be obligated to release every detainee." *See United States v. Fitzgerald*, No. 2:17-cr-295-JCM-NJK, 2020 WL 1433932, at *2 (D. Nev. Mar. 24, 2020). While the undersigned is sympathetic to the many challenges faced by individuals during this health crisis, under the circumstances presented, Petitioner's release is not warranted. The undersigned recommends that the Petition be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Petitioner's Petition for Writ of Habeas Corpus [1] be DENIED.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations

of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

     THIS the 13th day of January, 2021.

s/ Michael T. Parker  
United States Magistrate Judge
